Good morning. Good morning. May it please the Court, my name is Megan Moriarty appearing on behalf of the petitioner and appellant Kevin Alexander. This case concerns whether the District Court erred in dismissing Alexander's federal habeas petition as barred by the statute of limitations. There's really two questions before the Court today. The first is whether Alexander actually filed his habeas petition on time and in a timely manner. And two, if he did file his petition late, whether the District Court erred in dismissing his petition without first allowing him the opportunity to develop the allegations supporting equitable tolling. With respect to that first question, whether or not Alexander actually filed his petition on time, this Court recently certified the issue of whether or not the statute of limitations began running following the Arizona Because if that is when the statute of limitations began running, then Alexander's petition would actually be timely filed. You know, Counsel, the Hammerley case I think is substantially against you. I personally think that case was possibly wrongly decided, but I also think that it controls that aspect of your case. So you're going to have to persuade us otherwise, or maybe you should concentrate on the equitable tolling part. I do agree that on its face, Hammerley does appear to control and to have decided that same question by rejecting that argument. And I also agree that Hammerley, with all due respect to that prior panel's decision, I think that it was wrongly decided and it was misunderstood Arizona procedural law and how it interplayed with the federal statute. It's an important enough issue that it probably does need to be reevaluated, and that this case is the perfect case for this Court to take the opportunity to reevaluate the issue and reexamine it. Do you understand we can't really do that as a three-judge panel? It would have to go in bank. I understand that that is probably the most... It's the only way. And the reason we might not want to go in bank is it involves a state law issue, and once everybody understands what the rule is, wrong as it is, it can be lived with. So I don't know that we would think about it in bank. Okay. I understand. Even if Hammerley does control, then the statute of limitations would have begun running following the date that Alexander's petition for writ associary would have been due in the United States Supreme Court. If that is the case, then Alexander's petition would have been filed two days late. However, in his collective pleadings before both the magistrate judge and the district court judge, Alexander made several allegations supporting equitable tolling. However, the district court did not allow him any opportunity to develop those allegations supporting equitable tolling with any type of factual support. Under Whalum Hunt v. Early, this Court must assume that all of Alexander's allegations are true, and if they are true, they would support equitable tolling, then Alexander should be allowed at least the opportunity to support his allegations with facts. In other words, somewhat like the motion to dismiss in a normal district court, if there's any chance for it to succeed, then go forward and give a hearing. But if there isn't any chance to succeed, if it's going to lose in any event, why have a hearing? That's kind of where we are, isn't it? I'm not entirely sure. I'm not suggesting that you ought to know the standard review for the motion to dismiss, but the standard review on this particular matter, as I understand it, is there's no sense to have a hearing if it's going to be futile at the end of the hearing anyway, correct? Correct. And if, as a matter of law, some of these, as stated, did not qualify as extraordinary circumstances, then a hearing wouldn't help him, correct? That is correct. His allegations, though, considered either by themselves or collectively, though, do demonstrate that he has at least alleged extraordinary circumstances. The first is that an ADOC employee who is given the title paralegal told him that the statute would not begin running until after the denial of his state post-conviction proceedings. But what standard or what case do we have that would suggest, because somebody committed malpractice here, that, and wasn't even somebody to be given legal advice, that that is somehow a tolling? Well, I think that all of the cases that say that an attorney's malpractice is somehow imputed onto the petitioner, all of those cases are based on an agency relationship or an agency law, which assumes an agency relationship. And here, the prison employee was definitely not his agent. Well, I understand that, but the prison employee was not to give legal advice either, and he knew that. So how do I make that a basis for tolling? Well, consider, first of all, that allegation in combination with his allegation that he's denied access to any interpretive case law to tell him otherwise than what she told him. What does he really allege as it relates to the case law? Does he allege that he was, I mean, I've looked at his allegations. I've got them here, so I want to make sure that we have this down. It seems to me that he never alleges that he can't get the legal information. He is denied access to any interpretive case law to help him interpret the statute of limitations that he was given. Well, what he says is that, and I'm reading now from page two of his reply to petition for writ of habeas corpus, what he alleges is that he didn't have the case law, but he doesn't allege that it wasn't something that he could have got. He alleges that the paralegal didn't give him, well, instead told him that it was one way different than what it would have been. I mean, my worry is that if he's making the allegation that he wanted case law and he didn't get case law, I think we have adequate precedent to give him a chance to get the case law. But if he's alleging, as I read his equitable estoppel allegation, that when he asked for it, he got a legal opinion that thereafter was wrong, that's not enough. Well, if he could, this only begs the question of why we need evidentiary development, because perhaps there is an allegation out there that he could have asked for case law, or he could not have asked for case law, or he would have been denied case law even if he would have asked it. If that is the case, then he would have been, he would have had no way to interpret this statute. We just do not have enough. Because he denied case law? I don't know. I mean, that's at least, that's not an evidentiary question, that's an allegation question. I mean, it's not the, he holds all the cards on that allegation, at least for making it, but he doesn't make it. But this, I just, I mean, his allegations are, is that he does not have access to interpretive case law. And that on its face should be enough that that's an extraordinary circumstance that did not allow him to double check what the prison employee is also telling him. But my worry is, Counselor, and maybe this is a difficult point, but I think makes it the reason I determine whether he needs an evidentiary hearing or not, because if I look at the order of the California prison, and I look at what they ordered him to be able to have, and I know that he had the paralegal plus secondary references, and if he can get any of the information that he was allowed to have, there's no question he could, if he sought it, he could get the information he needs to make the right determination. But the problem is, is when I read his allegations, he doesn't say that. He says when I ask for information, the clerk gave me information that was wrong now, and therefore I ought to have something. Well, that I don't believe requires an evidentiary hearing, because the clerk acting as a legal advisor is not somebody he should have been able to, and that's why I want you to comment about that. What allegation are we really after? Based on the record that we have before the district court without any evidentiary development whatsoever, we don't know what he would have had access to or what he could have asked the paralegal for. We do know. We know exactly, given the order of the prison, what information he could have got. What I look at is the allegations he made. Where is his allegation that he asked for information he did not get? In my book, reading the entire record, I see an allegation he asked for information, but then was given advice and didn't seek the information he easily could have gotten in order to confirm or deny the advice. Now, that I don't think is worth a hearing, so I'm looking for the allegation. And I believe with evidentiary development, he could, however, be able to support his allegations of what? Because based on the information that's given to him by DO-902, we don't know whether there is sufficient information there, or if he could have asked for more information which would have allowed him to interpret the actual statute of limitations, or the 2244-D1, to determine what exactly is the final judgment. Thank you. May it please the Court. My name is John Anderson, representing respondents, State of Arizona, and Dora Shriro. The Court's primary concern this morning seems to be whether there should be a remand for an evidentiary hearing. The answer is no. I might point out that the standard of review is whether the district court gave an evidentiary hearing as a clear abuse of discretion. That's Downs v. Hoyt. There's no need for an evidentiary hearing in this case, because if you assume the facts as they were given, as they were alleged, they're insufficient for equitable tolling. His primary allegation is that he got erroneous legal advice from the paralegal. Now, it's my understanding that under the Arizona prison system, they have hired a paralegal to give advice to the prisoners in lieu of providing a full library. Is that accurate? The paralegal is there to help people who can't prepare the forms themselves. He's not there to give legal advice. And Lewis v. Casey makes quite clear that the Supreme Court just requires access. They don't require either a law library or legal advice. Now, here, evidently, the paralegal did get some legal advice, and it was erroneous. But that's not grounds for equitable tolling. It's not grounds if it's an attorney. It's not grounds if it's a fellow inmate. It can be anybody in the world. It can be the petitioner's own miscalculation is not grounds for equitable tolling. But in this case, we don't need a hearing because we have, as part of the record, the DOC Rule, Order 902. We also have the petitioner's allegations, but we're not disputing that. We're not disputing that maybe the prison library was closed for a week at Christmas. That's not unusual, and it didn't stand in his way of filing a timely petition. Is there any evidence in the record that the federal rules or any federal materials were available, or was it just state? Well, actually, it's back there, but it's in the record. It's the reply excerpt of the record, and it states exactly what the prisons are supposed to have. And they are supposed to include the Rule 2254. They include the habeas petition, which is all he really needs to do is he needs to get this form that's promulgated by the federal district court. He did his own appellate brief. It was an Anders. The appellate attorney made a decision that there were no arguable issues. He filed his own appellate brief, and he filed his own Rule 32 pleadings. So all he had to do was copy his previous pleadings into the federal habeas form, which he's perfectly capable of doing. This court can see from his pleadings that he writes quite well, actually. And he hasn't shown under pace versus do googly. I don't know how to say that case the second word, but he has to show diligence. He doesn't even show diligence in this case because he waited by his own admission very close to the time. He knew that there was a statute of limitations, and he waited a long, long time to file this habeas petition. All he had to do was copy his his state pleadings into the federal habeas form. There's no need for an evidentiary hearing in this case because we admit what he says. I mean, he if he was given advice by the paralegal, he's not entitled to rely on it. If the prison library was closed for a week, it's not an extraordinary circumstance. If he was in lockdown for eight of the 10 months, that's still an extraordinary circumstance because that was two months that he's not locked down. And when he was in lockdown, the DOC order 902 makes clear that he has access to his legal material. So if he was in lockdown, he had nothing else to do, really, but work on his habeas petition for eight months. And he and he didn't. Are you saying that he had the information that would tell him when he had to file? Well, he had available to he had 2254 and our position would be that 2254 tells you you have a year. And it tells you you have a year after your direct appeals concluded and then that it's told for the times you have a state postconviction proceeding. So he knows he knows that his appeal is concluded. He filed his own notice of postconviction relief. So he knows when the state postconviction proceedings are concluded. So he should be able to calculate from that one a year runs. And he should he should calculate it conservatively. I mean, there's no reason there's still until him. Really, there are questions on whether the mandate controlled as to when the decision was final. So even if he had access to the legal opinions, there's no no showing that he would have come to the right conclusion. You might have guessed wrong. And his miscalculation of the time isn't grounds for equal tolling under Raspberry versus Garcia, which is in our brief. So the bottom line here is his mistake or the mistake that he he used to the paralegal. To misdetermine the time when the petition was due is not grounds for equal tolling. There's no reason for an evidentiary hearing here because the records it's been developed to the extent that we have ordered 902. We admit his allegations, his letters to the prison guard as to when he thought it was due is in the record, his own allegations in his petition. So there's there's no reason for a costly and unnecessary evidentiary hearing in this case. Unless the court has any questions, I'll just respectfully ask this court to affirm the judgment of the district court. Thank you. You may have 30 seconds for rebuttal. It's gone over already. Bounds v. Smith and Lewis v. Casey make clear that to comply with the Constitution, the prison must provide the prisoners with either adequate law enforcement training, libraries, or persons knowledgeable in the law. In this case, ADAC did neither. And but Lewis v. Casey is the only case law that was provided to Alexander, and that would have not interpreted this 2244 for him. And then also he was ready, notwithstanding all of the obstacles, Alexander was ready to file his petition on December 26, which under his calculations would have actually been two months early. And notwithstanding that, he would have been timely filed had he been allowed to make the requisite number of copies and submit them to the court. However, with no fault of his own, he was unable to make those copies and submit them to the court. And that alone should require the district court to hold an evidentiary hearing. Thank you.
judges: B. Fletcher, McKeown, N. R. Smith